UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HENRY LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:15-cv-01741-RLY-TAB |
| | ) | |
| DR. WILLIAM WOLFE and | ) | |
| DR. MICHAEL PERSON, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff, Henry Lawrence, filed this 42 U.S.C. § 1983 action against Defendants,

Dr. William Wolfe and Dr. Michael Person, for claims arising out of his incarceration at

the Pendleton Correctional Facility.  Plaintiff alleges that Defendants were deliberately

indifferent to his serious medical condition when they failed to order a surgery to correct

his hips.  According to Plaintiff, this denial of adequate medical care constituted cruel

and unusual punishment under the Eighth Amendment to the U.S. Constitution.  This

matter now comes before the court on Defendants' Motion to Dismiss pursuant to Federal

Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, the court **DENIES**

Defendants' motion.

**I. Background**

Plaintiff is a former inmate at the Pendleton Correctional Facility, a prison within

the Indiana Department of Correction.  (Filing No. 1, Complaint ¶ 1).  Defendants are

physicians who provided medical services to offenders at the Pendleton Correctional

Facility.  (*Id.* ¶ 2).  While he was incarcerated, Plaintiff experienced a serious medical condition that caused him pain in his hands, knees, and hips and required him to walk with a cane.  (*Id.* ¶ 3).

On or about October 18, 2013, prison medical personnel noted that a recent x-ray of Plaintiff's hips showed degenerative changes in both hips with deformity in the femoral head on the left hip.  (*Id.* ¶ 4).  Despite these findings, Defendants failed to order the surgery necessary to treat Plaintiff's hip condition.  (*Id.*).  Plaintiff filed his Complaint on November 4, 2015.

## II. Legal Standard

"A pleader's responsibility is to state a claim for relief that is plausible on its face."  *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cnty.*, 804 F.3d 826 (7th Cir. 2015) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  When reviewing a motion to dismiss, the court accepts all facts alleged in the complaint as true and draws all reasonable inferences from those facts in favor of the plaintiff.  *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015).

## III. Discussion

Defendants argue that the Complaint must be dismissed as time barred.  Yet, "Dismissing a complaint as untimely at the pleading stage is an unusual step," *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009), because "[affirmative] defenses typically turn on facts not before the court at that stage in the proceedings."  *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012).  "In other words, the plaintiff must affirmatively plead himself out of court; the

complaint must 'plainly reveal[] that [the] action is untimely under the governing statute

of limitations.'" *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 614

(7th Cir. 2014) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)).

It is well established that § 1983 actions are "governed by the forum state's

personal-injury statute of limitations." *Campbell v. Forest Pres. Dist.*, 752 F.3d 665, 668

(7th Cir. 2014). *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985). The parties agree that

Indiana's two-year statute of limitations applies here. *See* Ind. Code § 34-11-2-4.

Plaintiff contends that dismissal is inappropriate because, *inter alia*, Defendants' analysis

is based upon an erroneous accrual date. According to the Seventh Circuit, "A § 1983

claim to redress a medical injury arising from deliberate indifference to a prisoner's

serious medical needs accrues when the plaintiff knows of his physical injury and its

cause." *Devbrow v. Kalu*, 705 F.3d 765, 768 (7th Cir. 2013).

Defendants assert that Plaintiff's claim accrued on October 18, 2013, but the

Complaint does not support this conclusion. Defendants highlight the following language

in the Complaint: "On or about October 18, 2013, prison medical personnel noted that a

recent x-ray of the Plaintiff's hips showed degenerative changes in both hips with

deformity of the femoral head on the left hip." (Complaint ¶ 4). However, this paragraph

only establishes that certain unnamed personnel discovered Plaintiff's physical injury on

October 18, 2013. It is not at all clear when this finding was communicated to Plaintiff.

Prison staff could have conveyed that information on the same day or perhaps weeks

later. It is even possible that prison staff *never* informed Plaintiff about the x-ray results,

and Plaintiff first learned of his hip degeneration when he consulted physicians after

being released from prison.  The mere fact that Plaintiff was in pain on October 13, 2013

does not prove that he knew of his *physical injury* (the degeneration of his hips) then.

*See Richards v. Mitcheff*, 696 F.3d 635, 636 (7th Cir. 2012) (even though the plaintiff

"had complained since January 2008 about abdominal pain and blood in his stool," his

deliberate indifference claim did not accrue until October 2008, when prison officials

sent the plaintiff to a hospital and "specialists diagnosed ulcerative colitis").  The

Complaint simply does not provide the accrual date.  Such an allegation was not required

though.  *See O'Gorman v. City of Chi.*, 777 F.3d 885, 889 (7th Cir. 2015) ("[A] plaintiff

need not anticipate or overcome affirmative defenses such as those based on the statute of

limitations.").

The Seventh Circuit recently made clear that a complaint avoids dismissal under

these circumstances "[a]s long as there is a conceivable set of facts, consistent with the

complaint, that would defeat a statute-of-limitations defense."  *Sidney Hillman Health*

*Ctr. v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015).  As discussed above, there is

a conceivable set of facts, consistent with the Complaint, that would defeat Defendants'

statute of limitations argument.  For example, if prison staff waited a few weeks to tell

Plaintiff about his x-ray results, his lawsuit is timely.  The court need not go any further

in order to conclude that Defendants' motion to dismiss must be denied.  *See id.*

(concluding that "questions of timeliness" should be "left for summary judgment (or

ultimately trial), at which point the district court may determine compliance with the

statute of limitations based on a more complete factual record").

**IV. Conclusion**

Therefore, the court **DENIES** Defendants' Motion to Dismiss (Filing No. 11).


**SO ORDERED** this 6th day of January 2016.

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana


Distributed Electronically to Registered Counsel of Record.

5