UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HENRY LAWRENCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:15-cv-01741-RLY-TAB |
| ) | |
| WOLFE Dr., ) | |
| MICHAEL PERSON Dr., ) | |
| ) | |
| Defendants. ) | |

**SHOW CAUSE ORDER**

The undersigned has witnessed a disturbing trend. With increased frequency, counsel have been failing to appear for scheduled conferences, particularly telephonic status conferences. Alarmingly, in a two-day stretch last week, six lawyers failed to appear telephonically, and one failed to appear in person. While most counsel appear as ordered, non-appearances are occurring far too often. In addition, it is not uncommon for counsel appearing telephonically to be multi-tasking other non-case-related tasks during the conference (i.e., driving a car or, in one notable instance, driving a golf ball). Even those lawyers who call in or show up on time often have failed to properly read the order setting the conference, and as a result are not adequately prepared. This behavior wastes everyone's time and adds delay and expense to litigation that already is notoriously protracted and costly. The instant case is one example.

This case was set for a July 29 telephonic conference to address the status of the case and settlement. Plaintiff's counsel appeared as ordered, but Defendant's counsel failed to appear. After waiting for counsel to call in, Court staff ultimately called defense counsel's law office and, after some additional delay, essentially was told counsel was not available. Thereafter, the

Court conducted the conference with only Plaintiff's counsel, which of course made the conference largely unproductive.  Sometime after the conference concluded, one of Defendant's two lawyers called chambers and apologized to Court staff for missing the conference.  As a result of the missed conference, the undersigned drafted the instant show cause order, which requires a response from Defendant, then a ruling from the Court.  All these entries will need to be drafted, filed, docketed, and presumably reviewed by counsel and their clients, resulting in wasted time and needless delay and expense.

Other judicial colleagues in this district have confirmed similar problems with counsel failing to appear.  And such problems are not limited to this district.  U.S. Magistrate Judge Iain Johnston, Northern District of Illinois, has had so many difficulties with lawyers multi-tasking during phone conferences that earlier this year he issued a standing order that reads in relevant part:[1]

> Dogs bark.  Toddlers whine.  Toilets flush.  The Court has heard all of these during telephonic status hearings.  The Court has also heard Metra conductors announcing the next stop, Starbucks baristas calling out orders, and Daley Center clerks shouting out case numbers.  This is a problem.
>
> * * *
>
> [I]t is painfully apparent that some—certainly not all—view telephonic status hearings as an opportunity to multi-task.  A telephonic status hearing should not be viewed as an opportunity to pick up dry-cleaning or play Tetris.  Oftentimes, counsel will call into status conference hearings while driving.  On these occasions the Court wonders about the safety of those around counsel, counsels' ability to focus on both tasks, and the quality of legal representation counsel is providing to their clients.

---

[1] The entire standing order can be found at http://www.ilnd.uscourts.gov/_assets/_documents/_forms/_judges/johnston/Standing%20order%20on%20telephonic%20status.pdf.  A Chicago Daily Law Bulletin article regarding this standing order, which also references the telephonic practices of other judges, can be found at http://www.chicagolawbulletin.com/Archives/2016/02/09/telephone-2-9-16.aspx.

Judge Johnston's standing order explains that the court often schedules telephonic conferences as a courtesy to save counsel travel time and save their clients' money. Accordingly, Judge Johnston's standing order sets forth certain requirements for telephonic status hearings (i.e., counsel must be in a quiet location, free from noise and distractions) or else risk being barred from appearing telephonically.

As noted above, other times lawyers appear as required, but obviously have failed to carefully read (or perhaps have not read at all) the order setting the conference, and as a result are unprepared. Most often, counsel neglect to serve a required settlement demand or response in advance of a conference, fail to appear at an initial pretrial conference prepared to discuss damages and settlement, or neglect to have their clients with them or available by telephone.

It is not the intention of the undersigned to implement a standing order governing the requirements for telephonic status conferences, nor otherwise be overly heavy handed in dealing with lawyers who, understandably, are busy and under pressure from many fronts. Rather, this show cause order is intended to highlight the disturbing trend previously discussed, and to remind counsel of their duty to be competent, prompt, and diligent. *See Ind. Rules of Prof'l Conduct* pmbl. ¶ 4 (2016) ("In all professional functions a lawyer should be competent, prompt, and diligent."). Counsel who fail to appear for Court proceedings (either telephonically or otherwise), or who appear telephonically but are obviously distracted or otherwise unable to fully engage in the conference, may be denied the convenience of future telephonic appearances. If counsel are located out of the district, they also may be required to retain local counsel. And of course, counsel who fail to carefully review and comply with Court orders may face other consequences, such as paying attorney fees needlessly incurred by other parties.

With this in mind, Defendant shall show cause, if any, by August 8, 2016, why the Court should not issue sanctions for counsel's failure to appear for the July 29 status conference.

Date: 8/1/2016

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Adriana Katzen
BLEEKE DILLON CRANDALL, PC
adriana@bleekedilloncrandall.com

David W. Frank
CHRISTOPHER C. MYERS & ASSOCIATES
dfrank@myers-law.com

Ilene M. Smith
CHRISTOPHER MYERS & ASSOCIATES
ismith@myers-law.com